* * * * * * * * * * *
The undersigned finds as fact and concludes as matters of law the following, which were entered into by the parties in their Pre-Trial Agreement and at the hearing as:
 STIPULATIONS
1. All parties are properly before the Commission and that the Commission has jurisdiction of the parties and of the subject matter.
2. All parties have been correctly designated and there is no question as to misjoinder or nonjoinder of parties.
3. An employee-employer relationship existed between plaintiff and defendant-employer.
4. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act. *Page 2 
5. American Casualty Co. of Reading, PA was the workers' compensation carrier for defendant-employer, Kelly Services, Inc. on 19 July 2006.
6. A Form 61 Denial of Workers' Compensation Claim was filed by defendants on or about 8 August 2006, and on 8 November 2006.
7. A Form 33 Request that Claim be Assigned for Hearing was filed by plaintiff dated 19 September 2006.
8. A Form 33R Response to Request that Claim be Assigned for Hearing was filed by defendants on or about 8 November 2006.
9. Plaintiff was employed by Kelly Services, Inc. from 30 March 2006 to 7 July 2006, and from 13 July 2006 to 22 July 2006.
10. The issues for determination are:
 a. Whether plaintiff suffered a compensable injury by accident arising out of and in the course of his employment with defendant-employer?
 b. What was plaintiff's average weekly wage?
 c. Whether plaintiff timely reported the injury alleged to have occurred on 19 July 2006?
 d. Whether plaintiff is disabled as a result of the alleged injury?
 e. To what, if any, benefits is plaintiff entitled?
 * * * * * * * * * * * EXHIBITS
1. The parties stipulated the following documentary evidence:
 a. Stipulated Exhibit #1: Employment records
 b. Stipulated Exhibit #2: I.C. Forms *Page 3 
 c. Stipulated Exhibit #3: Discovery responses
 d. Stipulated Exhibit #4: Medical records (submitted subsequent to the hearing.
 * * * * * * * * * * *
Based upon all of the competent evidence adduced from the record and the reasonable inferences therefrom, the undersigned makes the following:
 FINDINGS OF FACT
1. At the time of the hearing, plaintiff was 44 years old. He completed high school and subsequently attended barber school at Winston-Salem Barber School and worked as a barber for 12 years.
2. In January 2006, plaintiff began working with Kelly Services. He was first placed at Tyco Electronics in Davidson County assembling parts and then moved to Sara Lee in Winston Salem, where he worked on a conveyor line stacking boxes onto a pallet. The conveyor belt job at Sara Lee was a production job and it required him to be on his feet. Mr. Alford worked 3rd shift, earning $7.95 per hour 40 hours per week, for an average weekly wage of $318.00.
3. On 19 July 2006, plaintiff was performing his job duties taking boxes off the conveyor line and placing them on pallets when he felt a burning sensation in his back. He continued to work and finished his shift. He did not report the injury to anyone. Plaintiff returned home and laid down for a period of time. When he attempted to rise, he was unable due to pain in his lower back.
4. Plaintiff maintains that he called his supervisor at defendant-employer, Suzette Farmer, that evening and left a message on her machine informing her that he would not be *Page 4 
reporting for work due to his back injury. Ms. Farmer testified that she did not receive any message from plaintiff. The undersigned finds Ms. Farmer's testimony to be credible. There is no allegation or evidence that plaintiff called anyone from Sara Lee and informed them of his injury.
5. On 20 and 21 July, plaintiff failed to call or show up for work. He left no telephone message and did not otherwise notify Kelly Services or Sara Lee of his expected absences. Because plaintiff failed to call or show up for work for consecutive days, his assignment was terminated pursuant to the policies of defendant-employer. The undersigned finds that plaintiff was terminated for reasons any non-injured employee would have been terminated.
6. On 27 July 2006, plaintiff presented to Downtown Health Plaza reporting that he experienced a sharp pain "about a week ago" when lifting a heavy box at work. At that time he was diagnosed with a lumbar strain and instructed not to lift heavy objects until his back pain improved. Plaintiff notified Suzette Farmer, and reported that he had allegedly injured his back while working at Sara Lee. Ms. Farmer asked plaintiff why he had not timely reported the alleged back injury, and he offered no explanation. He did not claim that he had left a message or that he had any difficulty getting in touch with her or his supervisor at Sara Lee.
7. Defendant-employer referred plaintiff for evaluation at PrimeCare, where he presented on 2 August 2006. Plaintiff reported that he was having mid/low back pain as a result of "moving boxes." He was diagnosed with a thoracic/lumbar strain and released to return to work on that date with restrictions of lifting a maximum of 10 pounds. The physician noted that a full recovery was anticipated. *Page 5 
8. On 9 October 2006, plaintiff underwent an MRI. On 18 December 2006, plaintiff presented to Dr. Gary Poehling at Wake Forest University Medical Center to discuss the MRI results. Dr. Poehling reviewed the MRI results and opined that although plaintiff was noted to have a disk bulge at L5/S1, "his natural course of his back pain is that it will eventually resolve, it can just take some time." Dr. Poehling further noted that plaintiff did not have any "radicular symptoms whatsoever" and did not have "positive straight leg tests at all." Dr. Poehling recommended that plaintiff continue with anti-inflammatory medications and begin a spine therapy program.
9. On 18 July 2007, plaintiff returned to see his primary care physician at DownTown Health Plaza. During this visit, plaintiff claimed that his back pain had worsened over the last two weeks. The physician scheduled plaintiff to undergo a second MRI of both plaintiff's cervical and lumbar spine, which was performed on 8 August 2007. In the conclusion of the MRI report, plaintiff was noted to have "similar appearance degenerative changes of the cervical and lumbar spine most pronounced at C6/7 and L5/S1."
10. Dr. Poehling opined that plaintiff has nothing more than a lumbar strain and that there was no nerve or spinal cord involvement with plaintiff's condition. According to Dr. Poehling, all of the objective tests performed indicated that there was no nerve involvement, and thus, surgery would not be appropriate or warranted. Dr. Poehling further opined that the MRI findings are consistent with what you would expect for a male plaintiff's age and that the findings on plaintiff's MRIs are not causally related to plaintiff's alleged workplace injury. According to Dr. Poehling, plaintiff's condition will eventually resolve; however, he recommended additional medical treatment, including a structured rehabilitation program to facilitate the recovery. *Page 6 
11. Subsequent to his termination from employment with defendant-employer, plaintiff has returned to cutting hair part-time. Dr. Poehling has opined that there is nothing in plaintiff's restrictions that would prevent him from performing this job full-time. Plaintiff contends that standing for long periods of time increases his pain level; however, the undersigned finds that this problem should be minimized by plaintiff sitting on occasion while working or in between customers.
12. Plaintiff suffered an injury resulting from a traumatic incident of the work assigned on 19 July 2007, arising out of and in the course of his employment with defendant-employer.
13. As a result of his injury, plaintiff was disabled from his employment with defendant-employer; however, plaintiff was not disabled from all employment as evidenced by his return to barbering.
14. Plaintiff's termination from employment for failure to notify defendant-employer of his absences from work was justified and plaintiff's testimony regarding his notification of defendant-employer is found not credible.
 * * * * * * * * * * *
Based upon the foregoing Stipulations and Findings of Fact, the undersigned makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury resulting from a traumatic incident of the work assigned on 19 July 2007, arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6). *Page 7 
2. Plaintiff has failed to show by the greater weight of the evidence that he is disabled as a result of the injury of 19 July 2007. Accordingly, he is not entitled to temporary total disability compensation. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to have defendant pay for medical expenses incurred or to be incurred as a result of the compensable injury as may be required to provide relief, effect a cure or lessen the period of disability, subject to the statute of limitations prescribed in N.C. Gen. Stat. § 97-25.1, including the treatment provided by Dr. Poehling and the structured rehabilitation program he has recommended. N.C. Gen. Stat. § 97-2(19).
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact and Conclusions of Law, the undersigned enters the following:
 AWARD
1. Plaintiff's claim for temporary total disability compensation is hereby DENIED.
2. Defendants shall pay medical expenses incurred or to be incurred when medical bills have been submitted according to established Industrial Commission procedures.
3. As plaintiff has not reached maximum medical improvement, this Opinion does not address this issue. However, in the event that the parties should be unable to agree on the amount of permanent partial disability compensation which may be due plaintiff, either party may request a hearing from the Commission to resolve this matter.
4. Defendants shall pay the costs.
 * * * * * * * * * * *
IT IS FURTHER ORDERED that this case be REMOVED from the Winston-Salem docket. *Page 8 
This the 11th day of March 2008.
S/______________________ J. BRAD DONOVAN DEPUTY COMMISSIONER *Page 1